UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 11-1641 DOC (JPRx)                                              Date: October 25, 2011

Title: GLACERN MACHINE TOOLS, LLC v. ERIC SUYU SUN and DOES 1 through 10

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Julie Barrera                                                                    Not Present   
Courtroom Clerk                                                                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                    NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING IN PART TEMPORARY RESTRAINING ORDER

       Before the Court is an Ex Parte Application for a Temporary Restraining Order ("Motion") filed by Plaintiff Glacern Machine Tools, LLC, ("Plaintiff").  The Court finds the matter appropriate for decision without oral argument.  Fed R. Civ. P. 78; Local R. 7-15.  For the following reasons, the Court GRANTS IN PART and DENIES IN PART the Motion.

    **I.**    **Allegations By Plaintiff**

    On February 16, 2009, Defendant Eric Sun and Declarant Cynthia Hu formed Plaintiff Glacern Machine Tools, LLC.  Hu Decl. ¶ 18.  From June 2009 through May 2010 and while in the scope of his employment and on a work-for-hire basis for Plaintiff, Defendant Sun created a copyrightable source code.  Id. at ¶ 19.  Virtually all the tools used to create the source code were owned by Plaintiff Glacern.  Id. at ¶ 26.  On May 4, 2010, Defendant Sun at Plaintiff's direction created another copyrightable source code, which is a derivative work of the prior source code.  Id. at ¶ 20.

    Together, these two source codes comprise the "Software Products" Plaintiff now seeks to protect.  Id. at ¶ 20.  These Software Products were used by Declarant Hu's family business, a client of Plaintiff, to "manage virtually all aspects of its real estate business." Id. at ¶ 9.

    On October 12, 2011, Defendant Sun removed from Plaintiff's headquarters two computers and

some personal items, copied the Software Products, and changed the administrative password to lock managers out of Plaintiff's computer system. Id. at ¶ 6-8, 37.  Defendant Sun then contacted Plaintiff's client, Declarant Hu's family business, to demand that monthly payments previously paid to Plaintiff for use of the Software Products be paid instead to Defendant Sun. Id. at ¶ 12.

Plaintiff filed a copyright registration on October 25, 2011.  Id. at ¶ 36.  "On information and belief," Defendants are continuing to copy the Software Products "for their profit."  Id. at ¶ 41.

## II.     Legal Standard

Generally, federal courts grant equitable relief in the event of irreparable injury and the inadequacy of legal remedies.  *See Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994); *see also Weinberer v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S. Ct. 1798 (1982) ("[T]he basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies.").  Plaintiffs must satisfy additional requirements in order to be granted preliminary relief. Plaintiffs have the burden of showing that they are entitled to preliminary relief. "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council*, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)).

## III.    Discussion

### A.     Relief Sought

Plaintiff seeks to enjoin Defendants from: (1) destroying Plaintiff's Software Products; (2) withholding from Plaintiff personal property which Plaintiff owns, including the Software Products; and (3) transferring "any such asset, real or intangible."  The type of asset referenced is not clear, although it likely refers to the Software Products mentioned in a previous section.

Plaintiff also seeks to compel Defendants to: (1) within five (5) days, give Plaintiff a complete list of all locations of the Software Products; and (2) allow Plaintiff unlimited remote access to an IP address, which Plaintiffs believe houses the Software Products.

### B.     Plaintiff Likely Establishes Irreparable Harm and A Favorable Balance of the Equities

Essentially, the irreparable harm Plaintiff alleges is: (1) loss of customers and business reputation due to an inability to provide services while Defendants control the Software Products; and (2) risk that Defendant will destroy all copies of the Software Products, making their recreation or

return impossible.  The first harm is not irreparable because it can be redressed through monetary relief.  The second harm, however, is irreparable because Plaintiff would have no way to recover the very thing they seek to protect – their Software Products.

However, the relief sought appears too broad to prevent the irreparable harm Plaintiff asserts.  So long as Defendants preserve the Software Products for the duration of this Temporary Restraining ORder, Plaintiff's injury will not be irreparable.  Thus, the Court will limit the injunction to enjoin Defendants from destroying Plaintiff's Software Products.

With the relief so limited, the balances favor Plaintiff because Defendants suffer minimal harm, if at all, in having to preserve the Software Products, whereas Plaintiff would be irreparably harmed if the Software Products were destroyed.

### C.    Plaintiff Likely Establishes Success on the Merits

Plaintiff likely can establish success on the merits of its copyright infringement claim because Plaintiff alleges that it owns the copyright to the source code that comprises the Software Products and that Defendant Sun copied this code for its monetary gain.  In addition, this Court likely has federal question subject matter jurisdiction over this copyright infringement claim and personal jurisdiction over Defendant Sun, given that he has a California residence and committed the alleged acts in California.

### IV.    Disposition

Plaintiff's Ex Parte Application for a Temporary Restraining Order is thereby GRANTED IN PART and DENIED IN PART.

The Court ORDERS that Defendants and all of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, including any hosting company or internet service provider, **shall be temporarily restrained and enjoined** from **deleting or destroying any of Plaintiff's property**, including property detailed in Plaintiff's declaration.

IT IS FURTHER ORDERED, pursuant to Federal Rule of Civil Procedure 65(b), that Defendants shall appear before this Court on **November 7, 2011**, **at 8:30 a.m.**, to SHOW CAUSE why this Court should not enter a Preliminary Injunction, pending final ruling on the Complaint against Defendants, enjoining them from further violations of Section 501 of the Copyright Act (17 U.S.C. 501) and imposing such additional relief as may be appropriate, as set forth above.

IT IS FURTHER ORDERED that the Temporary Restraining Order granted herein shall expire when this matter is heard on **November 7, 2011**, unless within such time, the Order, for the good cause shown, is extended for an additional period not to exceed ten (10) days, or unless it is further extended

pursuant to Federal Rule of Civil Procedure 65.

  IT IS FURTHER ORDERED that Plaintiff shall serve on each Defendant copies of this Order, complaint, and supporting memoranda, affidavits and other evidence.

  IT IS FURTHER ORDERED that, with regard to any correspondence or pleadings related to this Order, service on the Plaintiff shall be performed by overnight mail delivery to the attention of Cynthia Hu 6958 Clovercliff Drive, Rancho Palos Verdes, California 90275.

  The Clerk shall serve this minute order on Plaintiff.